# HARRY A. BECK v. GREAT NORTHERN RAILWAY COMPANY.[1]

July 22, 1911,

No. 17,249.

**Settled case — mandamus.**

> What a settled case or bill of exceptions should contain is a question to be determined by the trial judge; but he cannot act arbitrarily in the premises, and mandamus will lie to compel him to sign a proposed case or bill of exceptions, which is clearly shown to be a full and true statement of all the proceedings and evidence relevant to the particular ruling or decision sought to be reviewed.

**Same.**

> Neither the fact that the adverse party proposes no amendments, nor the official stenographer's transcript, is necessarily conclusive of the question.

Petition by plaintiff for an order directed to Honorable William Louis Kelly, one of the judges of the Second Judicial district, to show cause why a writ of mandamus should not issue from this court requiring him to certify a settled case, as prepared and presented to him. The return to the order to show cause admitted that at the conclusion of all the testimony defendant moved for a directed verdict in its behalf upon the ground that plaintiff had failed to establish the allegations of the complaint, and the motion was granted; and alleged that the judge refused to sign and allow the case prepared "for the reason that it does not, and does not purport to, contain all the testimony and proceedings had at the trial, and because it is not the record of the evidence upon which the court acted when he instructed the jury." The return further alleged that there was a transcript of the full testimony in the files, but that from the case proposed testimony highly material to plaintiff's claim for damage had been intentionally omitted.

[1] Reported in 132 N. W. 1.

Order to show cause discharged, without prejudice to plaintiff's right to amend his proposed case as indicated and present it to the trial judge for signature.

*Francis B. Hart,* for petitioner.

*M. L. Countryman,* for defendants.

PER CURIAM.

This proceeding grows out of a personal injury action, which was tried to a jury in the district court of the county of Ramsey.   At the close of the evidence the trial judge, upon the defendant's motion, instructed the jury to return a verdict for it.   Thereupon the plaintiff prepared a proposed case, purporting to contain all of the evidence received on the trial by either party, except that relating to the nature and seriousness of the plaintiff's injuries, which were claimed to have been caused by the defendant's negligence.   The proposed case was served on the defendant's counsel, who proposed no amendments within the time limited or otherwise.   The case was then presented to the trial judge for settlement and certification. He refused so to do, on the ground that it did not contain all of the proceedings and evidence upon which he acted in directing a verdict.   Thereupon, on the petition of the plaintiff, an order was issued by this court requiring the trial judge to show cause why a writ of mandamus should not issue requiring him to settle and certify the proposed case.

The return of the trial judge to the order admits and alleges that he declined to settle and certify the proposed case because it does not contain all the evidence upon which he acted in directing the verdict, and further alleges "that, if the full proceedings be certified, there will appear, among other things, the following:   (That during the two days of the trial the plaintiff appeared reclining on a wheeled invalid chair, and that he was pushed about thereon in the presence of court and jury, and gave his evidence in this position indicated.   That four reputable physicians, Dr. Houston, Dr. Sweeney, Dr. Hill, and Dr. Hall, testified that in the opinion of each the plaintiff was a well man.)"   We infer from the return that the proposed case is correct as far as it goes, but that, in the opinion of

the learned trial judge, it should also contain the statement in the return which we have inclosed in parentheses, and that if this were done it would be, for all practical purposes, correct.

What a settled case or bill of exceptions should contain is a question to be determined by the trial judge; but he cannot act arbitrarily in the premises, and mandamus will lie to compel him to settle and sign a proposed case or bill of exceptions, which is clearly shown to be a full and true statement of all the proceedings and evidence relevant to the particular ruling or decision sought to be reviewed.

The fact that the adverse party proposed no amendments, or the official stenographer's transcript of the evidence, is not necessarily conclusive of the question. Upon a consideration of the return to the order to show cause and such transcript of the evidence produced on the hearing, we are not prepared to hold that the learned trial judge acted arbitrarily in refusing to sign the proposed case for the reasons stated by him. Therefore the order to show cause must be discharged. We are, however, of the opinion that it was not necessary to set out in detail the testimony of the physicians referred to in the return, it being opinion evidence, and it would unnecessarily incumber the record. No reason now occurs to us why the proposed case should not be signed, if it be amended by including therein, in substance, the statement contained in the return inclosed in parentheses.

Ordered, that the order to show cause be and it is discharged, but without prejudice to the right of the plaintiff to amend his proposed case as we have indicated, and present it to the trial judge to be signed by him.